UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DESARROLLO VIAL DE LOS ANDES S.A.C.<br>   General Recavarren No. 111, Oficina 603,<br>   Distrito de Miraflores<br>   Lima, Perú<br><br>                   *Plaintiff*,<br><br>            v.<br><br>THE REPUBLIC OF PERU<br>   Ministry of Foreign Affairs of the<br>   Republic of Peru<br>   Jr. Lampa 545<br>   Cercado de Lima 15001<br>   Lima, Perú<br><br>                   *Defendant*. | **Case No.** _____<br><br>**COMPLAINT** |

Plaintiff Desarrollo Vial de los Andes S.A.C. ("Deviandes"), by and through its undersigned counsel, alleges as follows for its Complaint against Defendant the Republic of Peru ("Peru"):

**Nature of the Action**

1. This is an action to recognize and enforce an arbitral award (the "Award") issued on November 27, 2024, in ICSID Case No. ARB/20/18 in favor of Deviandes and against Peru,[1] as corrected by a rectification decision (the "Rectification Decision") issued on March 19, 2025.[2]

---

[1] A true and correct copy of the Award, certified by the Secretary-General of the International Centre for Settlement of Investment Disputes ("**ICSID**"), together with a certified English translation, is attached hereto as Exhibit A.

[2] A true and correct copy of the Rectification Decision, certified by the Secretary-General of ICSID, together with a certified English translation, is attached hereto as Exhibit B.

The Award and the Rectification Decision were issued by an arbitral tribunal (the "Tribunal") following arbitration proceedings conducted in accordance with the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention").[3]

2. Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, Deviandes requests that this Court: (1) enter an order recognizing and enforcing the Award (as corrected by the Rectification Decision) and giving it the same full faith and credit as if it were a final judgment of a court of general jurisdiction of one of the several states; (2) enter judgment in Deviandes's favor and against Peru in an amount to be calculated in accordance with the Award (as corrected by the Rectification Decision); and (3) grant any other and further relief that the Court may deem appropriate.

## The Parties

3. Deviandes is a special-purpose company organized under the laws of Peru, having its registered office at General Recavarren No. 111, Oficina 603, Miraflores, Lima, Peru.

4. Peru is a foreign state within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1391(f), and 1602-1611.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1330(a) and 22 U.S.C. § 1650a(b). This case falls within the exceptions to foreign sovereign immunity set forth in: (i) 28 U.S.C. § 1605(a)(1) for cases in which a foreign state has waived its immunity either explicitly or by implication; and (ii) 28 U.S.C. § 1605(a)(6) for cases brought against a foreign state to confirm an arbitration award that "is or may be governed by a treaty or other international agreement in force in the United States calling for the recognition and

---

[3] A true and correct copy of the ICSID Convention is attached hereto as Exhibit C.

enforcement of arbitral awards." *See, e.g.*, *Tatneft v. Ukraine*, 771 F. App'x 9, 10 (D.C. Cir. 2019) (subject matter jurisdiction under waiver exception in 28 U.S.C. § 1605(a)(1)); *NextEra Energy Global Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1105 (D.C. Cir. 2024) (subject matter jurisdiction under arbitration exception in 28 U.S.C. § 1605(a)(6)).

6. Personal jurisdiction over Peru exists under 28 U.S.C. § 1330(b), which provides that this Court may exercise personal jurisdiction over a foreign state as to every claim for relief over which the Court has subject matter jurisdiction, provided that service has been made in accordance with 28 U.S.C. § 1608.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(f)(4).

## Factual Background

### I. Summary of the Dispute Underlying the Award

8. As discussed further below, under 22 U.S.C. § 1650a(a), the pecuniary obligations imposed by the Award (as corrected by the Rectification Decision) "shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." Consequently, the merits of the dispute and the reasons underlying the Tribunal's resolution of the dispute are not relevant to the recognition and enforcement of the Award under U.S. law. Nonetheless, solely for the purpose of providing background and context, Deviandes will briefly summarize the dispute and the Award.

9. The dispute underlying the Award arose out of Peru's breaches of a concession contract and a guarantee contract.[4]

10. On September 27, 2010, Peru and Deviandes entered into a concession contract for the design, construction, operation, and maintenance of a 370-kilometer stretch of the Central

---

[4] *See* Award, Ex. A, ¶ 1.

3

Highway in Peru (the "Concession Contract").[5] The Concession Contract contemplates the operation of four toll stations along this stretch of the highway, including a toll station at Ticlio that was intended to generate a material portion of the project's revenues.[6] On the same date, the parties also entered into a Guarantee Contract, under which Peru guaranteed the performance of its obligations under the Concession Contract.[7]

11. Under the Concession Contract, Deviandes is entitled to operate the Ticlio toll station and collect toll revenues.[8] The Concession Contract addresses the risk that social unrest could interfere with the performance of the contract. It obligates Peru to make efforts to restore social order and, if the social unrest interferes with the performance of the contract for more than six months, to compensate Deviandes for the toll revenues that it is unable to collect.[9]

12. By early 2017, Deviandes had completed the works required for the commencement of toll operations at Ticlio.[10] However, Peru failed to timely comply with its obligation under the Concession Contract to constitute a committee to formally accept the works.[11] Thereafter, community opposition arose to the opening of the Ticlio toll station.[12]

13. In February 2018, Peru publicly announced that the Ticlio toll station would not be opened.[13] Although Peru initially took steps to address the social unrest, it later abandoned its

---

[5] *Id.* ¶¶ 50-5. A true and correct copy of the Concession Contract, together with a certified English translation, is attached hereto as Exhibit D.

[6] Award, Ex. A, ¶ 78.

[7] *Id.* ¶ 1. A true and correct copy of the Guarantee Contract, together with a certified English translation, is attached hereto as Exhibit E.

[8] Award, Ex. A, ¶ 78.4.

[9] *Id.* ¶ 222.

[10] *Id.* ¶ 88.

[11] *Id.* ¶ 191.

[12] *Id.* ¶ 106.

[13] *Id.* ¶ 132.

efforts, and the Ticlio toll station did not become operational.[14] As a result, Deviandes was prevented from operating the toll station and collecting toll revenues.

## II. The Parties' Agreement to Arbitrate

14. In both the Concession Contract and the Guarantee Contract, Deviandes and Peru agreed to refer any non-technical dispute involving an amount exceeding USD 10 million to international arbitration under the ICSID Convention.[15] Article 18.12(b)(i) of the Concession Contract provides in pertinent part as follows:

> When Non-Technical Disputes involve an amount greater than Ten Million and 00/100 Dollars (US$ 10,000,000.00) or its equivalent in domestic currency, the Parties shall attempt to resolve such dispute through direct negotiation within the period established in Section 18.11 for the case of international arbitration, which may be extended by joint decision of the Parties under the terms established.
>
> If the Parties fail to reach agreement within the period of direct negotiation referred to in the preceding paragraph, the disputes arising shall be resolved through international arbitration under law, administered by the INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES (ICSID).[16]

15. Article 3 of the Guarantee Contract incorporates the Parties' agreement to ICSID arbitration in the Concession Contract.[17] It provides in relevant part: "Any litigation, dispute, controversy, disagreement or claim arising out of or in connection with this GUARANTEE AGREEMENT shall be resolved in accordance with the procedure established in [Article] XVIII of the CONCESSION AGREEMENT. . . ."[18]

---

[14] *Id.* ¶¶ 231-33.
[15] *Id.* ¶¶ 147, 287.2.
[16] Concession Contract, Ex. D, Art. 18.12(b)(i).
[17] Award, Ex. A, ¶ 287.2.
[18] Guarantee Contract, Ex. E, Art. 3.

5

**III.     The Arbitration**

16.     On June 6, 2020, Deviandes commenced the arbitration by filing its Request for Arbitration with ICSID.[19] On June 10, 2020, the Secretary-General of ICSID registered the Request for Arbitration pursuant to Article 36 of the ICSID Convention and notified the parties of the registration.[20]

17.     The arbitration proceeded in accordance with the ICSID Convention and the ICSID Arbitration Rules. The Tribunal was constituted on August 11, 2020, following the arbitrators' acceptance of their appointments.[21] The Tribunal was composed of Mr. David J. A. Cairns (President, appointed by agreement of the parties), Mr. José María Alonso Puig (appointed by Deviandes), and Mr. Yves Derains (appointed by Peru).[22]

18.     Peru was represented in the arbitration by lawyers from its Ministry of Economy and Finance and the international law firm Foley Hoag LLP.[23] Peru fully participated in the arbitration, including by submitting a Counter-Memorial, a Rejoinder, a Post-Hearing Brief, and a Statement of Costs.[24]

19.     From June 20 to June 24, 2022, the Tribunal conducted an evidentiary hearing in Washington, D.C., at which both parties appeared through counsel, presented fact and expert

---

[19] Award, Ex. A, ¶ 5. A true and correct copy of the Request for Arbitration, together with a certified English translation, is attached hereto as Exhibit F.
[20] Award, Ex. A, ¶ 6.
[21] *Id.* ¶ 12.
[22] *Id.* ¶¶ 8-11.
[23] *Id.* at i.
[24] *Id.* ¶¶ 18, 24, 46, 47.

witnesses for examination, and made oral submissions.[25] A further hearing session addressing expert evidence on damages was held virtually on September 8, 2022.[26]

20. On November 27, 2024, the Tribunal issued the Award, which was unanimous.[27]

21. On January 10, 2025, Peru applied to the Tribunal for rectification of the Award.[28]

22. On March 19, 2025, the Tribunal issued the Rectification Decision.[29]

## IV. The Award and the Rectification Decision

23. In the Award, the Tribunal rejected Peru's jurisdictional objections and held that it had jurisdiction over the Parties' dispute.[30]

24. On the merits, the Tribunal concluded that Peru breached the Concession Contract by, *inter alia*, failing to comply with the contractual procedure for the acceptance of works and with its obligation under the Concession Contract to address social unrest that interfered with the performance of the contract.[31]

25. The Tribunal concluded that Peru's breaches of the Concession Contract also constituted breaches of the Guarantee Contract.[32]

26. As a result of Peru's breaches of the Concession Contract and the Guarantee Contract, the Tribunal ordered Peru to pay the following amounts to Deviandes:[33]

---

[25] *Id.* ¶ 30.
[26] *Id.* ¶ 39.
[27] See *id.*, front page & ¶ 534.
[28] Rectification Decision, Ex. B, ¶ 2.
[29] See *id.*, front page.
[30] Award, Ex. A, ¶¶ 146-52, 157-62, 166-71.
[31] *Id.* ¶¶ 248-50.
[32] *Id.* ¶ 290.
[33] *Id.* ¶ 534.

7

a. The amounts not collected at the Ticlio toll station, calculated by applying the initial toll provided for in Article 9.4(c) of the Concession Contract, fixed on March 1, 2018 (as annually adjusted), without any deduction, to the number of light vehicles and to the number of axles of heavy vehicles specified in CIDATT[34] traffic-volume data, for the following periods:

(i) From March 7, 2018, to August 20, 2018;

(ii) From August 21, 2018, until the date of issuance of the Award;

(iii) From the date of issuance of the Award until (i) Peru permits and guarantees Deviandes the effective, peaceful, and continuous exercise of the right to operate the Ticlio toll station, or (ii) the termination of the Concession (*i.e.*, September 27, 2035). These amounts shall be paid within a maximum period of fifteen (15) calendar days from the date on which Deviandes submits to Peru (through the Ministry of Transport and Communications) the corresponding monthly settlement, calculated on the basis of the toll applied to the number of light vehicles and to the number of axles of heavy vehicles passing through the Ticlio toll station;

b. Simple interest on the amounts due under paragraph 26(a) above, at the Peruvian legal interest rate, accruing from March 7, 2018, until the date of payment;

c. USD 219,612.65 in arbitration costs;

---

[34] CIDATT Consultoría S.A. is an independent traffic-audit firm that certifies traffic volumes at the Ticlio toll station; its monthly audit reports provide the traffic data used to calculate the toll revenues owed under the Award.

       d.      USD 2,709,539.24 in attorneys' fees, experts' fees, and other costs;

       e.      Simple interest on the amounts due under paragraphs 26(c) and (d) above, at the legal interest rate established by the Central Reserve Bank of Peru, accruing from the thirtieth (30th) day following the date of issuance of the Award until the date of payment.

27.    In the Rectification Decision, the Tribunal granted Peru's request to exclude Value Added Tax from the amounts that accrue interest for purposes of the interest calculations under paragraph 26(b) above.[35]

28.    Peru did not request annulment of the Award under the ICSID Convention. The deadline for Peru to request annulment was March 27, 2025 (120 days after the date on which the Award was rendered).

## V. Peru's Failure to Satisfy the Award in Full

29.    Since the issuance of the Award and the Rectification Decision, Deviandes has sent multiple letters to Peru's Ministry of Transport and Communications demanding payment of the amounts due under the Award (as corrected by the Rectification Decision). On November 10, 2025, Deviandes notified the Ministry of Transport and Communications that the total amount due under the Award as of that date, including interest, was approximately 325.7 million Peruvian Nuevo Sol (approximately USD 96.5 million).[36]

30.    On January 9, 2026, the Ministry of Transport and Communications paid 13 million Peruvian Nuevo Sol (approximately USD 3.8 million) to Deviandes.

---

[35] Rectification Decision, Ex. E, ¶ 29.
[36] A true and correct copy of the letter dated November 10, 2025, from Deviandes to Peru's Ministry of Transport and Communications, together with a certified English translation, is attached hereto as Exhibit G.

31. By letter dated January 15, 2026, Deviandes informed the Ministry of Transport and Communications that its payment of 13 million Peruvian Nuevo Sol did not satisfy Peru's outstanding debt under the Award and did not affect its ongoing obligation to pay the amounts coming due under the Award.[37]

32. In the same letter, Deviandes notified the Ministry of Transport and Communications that the total amount owed by Peru under the Award as of January 15, 2026, including interest, was 333,781,890.11 Peruvian Nuevo Sol (approximately USD 99.4 million).[38] Peru's officials, including officials of the Ministry of Transport and Communications, have ignored Deviandes's demands.

### Cause of Action – Recognition of the Award Pursuant to 22 U.S.C. § 1650a

33. Deviandes repeats and realleges the allegations in paragraphs 1 through 32 as if set forth fully herein.

34. On August 27, 1965, the United States signed the ICSID Convention, which establishes a framework for the resolution of investment disputes between a foreign sovereign party to the Convention and a national of another State party to the Convention.[39] The United States deposited its instrument of ratification for the ICSID Convention on June 10, 1966, and the Convention entered into force for the United States on October 14, 1966.[40] Awards issued pursuant

---

[37] A true and correct copy of the letter dated January 15, 2026, from Deviandes to Peru's Ministry of Transport and Communications, together with a certified English translation, is attached hereto as Exhibit H.

[38] *Id.*

[39] Database of ICSID Member States, available at https://icsid.worldbank.org/about/member-states/database-of-member-states (last visited January 26, 2026).

[40] *Id.*

10

to the ICSID Convention are subject to recognition and enforcement in the United States under Article 54 of the ICSID Convention and pursuant to 22 U.S.C. § 1650a.

35. Peru signed the ICSID Convention on September 4, 1991, and deposited its ratification on August 9, 1993.[41] The ICSID Convention entered into force for Peru on September 8, 1993.[42] Although Deviandes is organized under the laws of Peru, the Tribunal concluded in the Award that it was subject to the control of its Colombian parent company at all relevant times and therefore qualified as a "national of another Contracting State" within the meaning of Article 25(2)(b) of the ICSID Convention.[43] Colombia signed the ICSID Convention on May 18, 1993, and ratified it on July 15, 1997, and the Convention entered into force for Colombia on August 14, 1997.[44]

36. Article 53(1) of the ICSID Convention provides that an award rendered by an ICSID tribunal "shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention. Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention."[45]

37. Article 54(1) of the ICSID Convention provides that "[e]ach Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary

---

[41] *Id.*
[42] *Id.*
[43] Award, Ex. A, ¶¶ 151-52.
[44] Database of ICSID Member States, available at https://icsid.worldbank.org/about/member-states/database-of-member-states (last visited January 26, 2026).
[45] ICSID Convention, Ex. B, Art. 53(1).

11

obligations imposed by that award within its territories as if it were a final judgment of a court in that State."[46]

38. Section 1650a(a) of Title 22 of the United States Code implements Article 54 of the ICSID Convention by providing as follows:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

39. The Award and the Rectification Decision were rendered by an arbitral tribunal pursuant to Chapter IV of the ICSID Convention.

40. The Award (as corrected by the Rectification Decision) includes pecuniary obligations to be calculated in accordance with the Award. Peru has not fully satisfied its pecuniary obligations under the Award.

41. Pursuant to 22 U.S.C. § 1650a(a) and Article 54 of the ICSID Convention, the Award (as corrected by the Rectification Decision) must be recognized and the pecuniary obligations therein must be enforced "as if [it] were a final judgment of a court of general jurisdiction of one of the several States."[47]

## Prayer for Relief

WHEREFORE, Deviandes respectfully requests that the Court enter an order and judgment:

---

[46] *Id.*, Art. 54(1).
[47] 22 U.S.C. § 1650a(a).

      a.      Recognizing the Award (as corrected by the Rectification Decision) and enforcing the pecuniary obligations imposed by the Award as if the Award were a final judgment of a court of general jurisdiction of one of the several States;

      b.      Entering judgment in Deviandes's favor and against Peru in an amount to be calculated in accordance with the Award (as corrected by the Rectification Decision); and

      c.      Awarding such other and further relief as may be proper.

Dated: New York, New York
March 3, 2026

Respectfully submitted,

*/s/ Thomas C.C. Childs*
Thomas C.C. Childs (NY0449)
KING & SPALDING LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 556-2200
tchilds@kslaw.com

*Attorney for Plaintiff Desarrollo Vial de los Andes S.A.C.*

13